UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA L. LUKE and ANDREW R. LUKE, individually and on behalf of their marital community; and TERESA L. LUKE, as Guardian ad Litem for her minor children, HAYDEN R. LUKE and RILEY A. LUKE,<br><br>Plaintiffs,<br><br>v.<br><br>EMERGENCY ROOMS, P.S., a Professional Service Corporation of Washington State d/b/a FAMILY CARE AND URGENT MEDICAL CLINICS and FAMILY URGENCY CARE CLINICS MINNEHAHA; ROBERT D. THORNTON, M.D.; HOWARD BRUCE GOODWIN, PA-C; JERRY J. FISHER, M.D.; STEPHEN E. PLISKA, M.D., and DARRELL M. MILLER, M.D.; HI-SCHOOL PHARMACY, INC., a Corporation of Washington State, d/b/a HI-SCHOOL TRUE VALUE HARDWARE #4600; and MINNEHAHA DRUGS, INC. a Corporation of Washington State, d/b/a HI SCHOOL PHARMACY,<br><br>Defendants. | Case No. C04-5759 FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL EXPERT WITNESS DECLARATIONS AND GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' motion to strike Plaintiffs' supplemental

ORDER - 1

expert opinions and Defendants' renewal motion for summary judgment. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion to strike, grants Defendants summary judgment, and dismisses Plaintiffs' claims against these remaining Defendants, with prejudice.

## INTRODUCTION AND BACKGROUND

This case involves allegations of medical negligence stemming from the administration of Antabuse leading to a liver transplant for Teresa Luke in July 2002. On November 10, 2004, Plaintiffs brought a number of claims against a group of doctors, physician assistants, pharmacists and medical entities, arising out of Teresa Luke's liver failure. On March 22, 2005, the Court issued a scheduling order that contained the following dates: (1) expert witness disclosure/reports under Rule 26(a)(2) due by August 22, 2005; (2) rebuttal expert witness disclosure/reports due by September 20, 2005; (3) expert objections due by October 20, 2005; (4) discovery deadline, October 31, 2005; and trial, February 27, 2006. The Court extended the discovery deadline to December 16, 2005, and the deadline for filing objections to December 19, 2005, by joint stipulation of the parties.

The parties exchanged their expert disclosures and reports on August 22, 2005, in accordance with the Court's scheduling order. The parties also filed and the Court signed a stipulated order regarding expert witnesses which provided that the expert "reports need not be 'prepared and signed' by each expert" and a "properly disclosed expert" is permitted to testify about "matters addressed in each expert witness' disclosure" and "any matters addressed in that expert's deposition." The parties exchanged disclosure of rebuttal witnesses on September 20, 2005.

The expert witness disclosures of Plaintiffs' witnesses Dr. Rabin and Dr. Saxon stated that between "two and four weeks" after beginning Antabuse, Ms. Luke's liver function studies would have been abnormally elevated. Had the Clinic defendants obtained follow-up studies within two to four weeks after initiating Antabuse, the studies would, more likely than not, have shown abnormally elevated liver functions.

ORDER - 2

On November 18, 2005, Defendants Emergency Rooms, P.S. d/b/a/ Family Urgency Care Clinics and Family Urgency Care Clinics Minnehaha and Dr Thornton, Dr. Fisher, and Mr. Goodwin, (collectively the Clinic Defendants) filed a motion for summary judgment.[1] The Clinic Defendants argued that , even assuming the truth of Plaintiffs' experts' opinions, Plaintiffs could not establish that the purported breech of the standard of care was the proximate cause of Plaintiff's injury. The Clinic Defendants asserted that in accordance with Plaintiffs' expert testimony, had followup studies been conducted at any time prior to the end of four weeks after initiation of the use of Antabuse, they would have complied with the asserted standard of care, but not, more likely than not, have detected elevated liver functions.

Plaintiffs' response was filed on December 12, 2005, and included five expert declarations that contained opinions on the standard of care and proximate cause. These opinions state that had followup studies begun as any time beginning "ten days" after initiating Antabuse, elevated liver functions would have been detected.

In reply, the Clinic Defendants asked the Court to disregard these supplemental expert declarations filed with Plaintiffs' response as not timely disclosed as expert opinion and as contradictory to prior expert opinion offered by these experts.

On December 22, 2005, this Court granted summary judgment in favor of the Clinic defendants. Without specifically mentioning the supplemental expert declarations, the Court held that Plaintiffs had failed to demonstrate the element of causation.

Plaintiffs appealed and the Ninth Circuit rendered a memorandum decision on August 21, 2007. The decision affirmed the grant of summary judgment for the pharmacy defendants and Dr. Fisher. The Ninth Circuit also affirmed the grant of summary judgment for the Clinic Defendants on

---

[1] Defendants Hi-School Pharmacy, Inc., and Minnehaha Drugs, Inc., (pharmacy defendants) moved for, and were granted summary judgment, resulting in the dismissal of claims against the pharmacy defendants on August 31, 2005. Dr. Pliska and Dr. Miller were voluntarily dismissed from the action.

ORDER - 3

Plaintiffs' failure to warn claims.  The Ninth Circuit vacated this Court's order dismissing the remaining standard of care claim against the Clinic Defendants.  The Ninth Circuit states in the memorandum decision:

> ... In this case, whether Luke can raise a genuine issue of material fact may be depend on the admissibility of new evidence contained in Luke's supplemental expert declarations filed with her opposition to the Clinic's motion for summary judgment. The Clinic raised timely objections and filed a motion to strike the supplemental expert declarations under Federal Rule of Civil Procedure 37(c)(1).
>
> On the record before us, we cannot determine whether the district court considered  the supplemental expert declarations and, as a consequence, we do not reach the question whether Luke presented a triable issue of fact against the Clinic. We vacate the district court's grant of summary judgment and remand for the district court to decide on the admissibility of the supplemental expert declarations.  The district court may then address anew Luke's motion for summary judgment against the Clinic.
>
> ...
>
> Because on the record we are unable to determine whether the district court ruled on the admissibility of the supplemental expert declarations, the district court's order granting summary judgment to the physician's assistant and the doctors supervising the physician's assistant is **VACATED AND REMANDED** with directions to rule on the Clinic's motion to strike and objections to Luke's late expert declarations and to address anew Lukes' motion for summary judgment against the Clinic.  In all other aspects, the district court's order is **AFFIRMED**.

Luke v. Family Care and Urgent Medical Clinics, No. 06-35056 Memorandum Decision, at 7, 9-10.[2]

Upon remand, this Court entered a stipulated order requesting the Clinic Defendants file a formal motion to strike the supplemental expert declarations.  The defendants have filed the motion to strike and renewed their motion for summary judgment.

## FAILURE TO DISCLOSE EXPERT OPINION

On March 22, 2005, the entered a Scheduling Order setting out deadlines to govern this case, including the deadlines for disclosure of expert witnesses and rebuttal expert witnesses and their reports pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  The deadlines were (1) expert witness disclosure/reports under Rule 26(a)(2) due by August 22, 2005; (2) rebuttal

---

[2] All parties agree that the Ninth Circuit's reference to Luke's motion for summary judgment is intended to reference the motion for summary judgment of the Clinic Defendants.

ORDER - 4

expert witness disclosure/reports due by September 20, 2005; (3) expert objections due by October 20, 2005; (4) discovery deadline, October 31, 2005.  By stipulation the discovery deadline was ordered extended to December 16, 2005 and the deadline for filing expert objections to December 19, 2005.  By further stipulated order, the expert reports need not be prepared and signed by each expert, and a"properly disclosed expert" is permitted to testify about matters addressed in each expert witness' disclosure and any matters addressed in that expert's deposition.  Plaintiffs' supplemental expert declarations did not comply with the scheduling orders and Fed. R. Civ. P. 26(a)(2).  All of Plaintiffs' experts in initial disclosures stated that the change in liver functions could not be detected until sometime between two and four weeks after initiation of Antabuse, thereby acknowledging that on a more likely than not basis, the elevated liver levels would not be detectable until the 28th day after Ms. Luke started taking Antabuse.  It was not until response to the motion for summary judgment that these experts (and newly-named experts) opined that testing ten days after initiating Antabuse would have revealed elevated liver functions.

        The requirements of Fed. R. Civ. P. 26(a)(2) are not complex and must be complied with to assure a level playing field for all parties.  The parties must disclose expert witnesses and provide a expert witness report.  An expert witness report shall be in writing and must include a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  Fed. R. Civ. P. 26(a)(2)(B).

        Clearly, the supplemental declarations filed by the Plaintiffs in response to the motion for summary judgment and after the deadline for rebuttal expert disclosure do not meet the disclosure requirements for experts pursuant to Fed. R. Civ. P. 26(a)(2)(B) and do not provide for a level

ORDER - 5

playing field.

Fed. R. Civ. P. 37(c) provides for the exclusion of an expert witness if the discovery rules have not been complied with. Rule 37(c) states:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Failure to comply with expert disclosure authorizes the court to exclude the expert. This is a self-executing and automatic sanction. The Ninth Circuit has explained that "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." Yeti By Molly Ltd v. Decker Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996). In order to avoid the sanction of exclusion, Plaintiffs have the burden of establishing a "substantial justification" for not filing of the supplemental expert declarations and that the late disclosure was "harmless" to the Clinic defendants. Yeti By Molly Ltd., at 1107;

The Court finds under the procedural and factual background of this case, the Plaintiffs have failed to carry their burden. Plaintiffs have provided no justification for failing to comply with the Court's Scheduling Order. Plaintiffs simply claim the declarations do not contain new opinion, but "only some additional specificity." In other words, Defendants have not been prejudiced. The test is not whether the Clinic defendants have been "prejudiced." The test is was the late disclosure in the form of the supplemental expert declarations "harmless." The late disclosures are more than mere

ORDER - 6

additional specificity.  Prior to the motion for summary judgment and the experts disclosure deadline, the experts opined that elevated liver functions would be elevated and detectable two to four weeks after initiation of Antabuse.  The disclosures did not specify any particular time within this range, other than the last day, that testing, more likely than not, would have revealed the elevated liver function levels.  The late disclosures redefined these disclosures by stating that elevated levels would have been detected ten days after initiation of Antabuse.  The Clinic Defendants clearly have been harmed as summary judgment (lack of evidence of causation) could be granted in their favor based on the non-compliance of Plaintiffs.

The Ninth Circuit has expressly disallowed such untimely filed expert evidence, including evidence presented in opposition to summary judgment motions.  <u>Wong v. Regents of Univ. of Cal</u>., 379 F.3d 1097, 1103 (9th Cir. 2004).  See also, <u>Calvatia v. Trans-Pacific Shipping, Inc</u>., 143 F.3d 1255, 1258 (9th Cir. 1998) (upholding exclusion of untimely statements and report by expert submitted in opposition to motion for summary judgment).

Therefore, the testimony, opinions and information provided by Plaintiffs' experts is strictly limited to that which was disclosed prior to summary judgment and the expiration of the disclosure deadlines.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. <u>Id</u>.  The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Cattrett</u>, 477 U.S. 317, 323 (1986).  On an issue for which the opposing party

ORDER - 7

will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Mere allegations or denials do not defeat a moving party's allegations.  Id.; Gasaway v. Nw. Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994).  The court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion.  Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); Anderson, 477 U.S. at 249.

Summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial.  Celotex Corp., at 322.  If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.  Summary judgement may be imposed based on absence of evidence excluded for failure to comply with Rule 26(a).  See Wong v. Regents of the Univ. of California, 379 F.3d 1097, 1103 (9th Cir.2004).

The Court previously considered the evidence in light of Defendants' motion for summary judgment and held Plaintiffs failed to demonstrate the element of causation.  Because of the exclusion of the supplemental expert reports leaves the Plaintiffs without any expert testimony necessary to establish causation, the Clinic Defendants are entitled to a grant of their motion for summary judgment on the standard of care claim.

## CONCLUSION

For the foregoing reasons, Clinic Defendants motion to strike Plaintiff's supplemental expert opinions will be granted, there being no genuine issue of material fact, the Defendants are in entitled

ORDER - 8

to summary judgment.

ACCORDINGLY;

IT IS ORDERED:

(1) The Clinic Defendants' Motion to Strike Plaintiffs' Supplemental Expert Opinions [Dkt. #106] is **GRANTED.**

(2) The Clinic Defendants' Renewal of Motion for Summary Judgment [Dkt. #105] is **GRANTED**.

(3) The Clerk may enter Judgment for these remaining defendants.

DATED this 12th day of February, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 9